UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARIF AHMED,

                              Plaintiff,

                  v.                              No. 25-cv-3331 (NCM) (JAM)
                                                  Pro Se Case

32BJ SEIU LABOR UNION,

                              Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ's**
**RULE 12(b)(6) MOTION TO DISMISS**

Respectfully Submitted,

Lyle D. Rowen, Esq.
Associate General Counsel
Service Employees International Union, Local 32BJ
25 W. 18th Street, 5th Floor
New York, NY  10011
212-388-3452 (telephone)
lrowen@seiu32bj.org

*Counsel for Defendants*

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND PROCEDURAL POSTURE OF CASE............................................ 1

II. SUMMARY OF REVIEWABLE MATERIAL FACTS. ........................................................ 2

III. PLAINTIFF'S AMENDED COMPLAINT............................................................................ 4

IV. STANDARD OF REVIEW .................................................................................................. 6

V. THE ELEMENTS AND LEGAL STANDARD FOR ALLEGING A BREACH OF THE
      DUTY OF FAIR REPRESENTATION. ........................................................................... 7

VI. ARGUMENT...................................................................................................................... 9

   A.      The Amended Complaint is Time-Barred by the Applicable Six-Month Statute of
            Limitations. ................................................................................................................. 9

   B.      The Amended Complaint Fails to Allege the Elements of a Hybrid 301/DFR Cause of
            Action........................................................................................................................ 12

      1.      The Amended Complaint Fails to Allege the Employer Breached the CBA. .......... 13

      2.      The Amended Complaint Fails to Adequately Allege the Union's Breached its Duty
               of Fair Representation Owed to Plaintiff. ................................................................ 13

   C.      Plaintiff Has Failed to State a Claim for Emotional Distress Damages. ...................... 17

VII. CONCLUSION .............................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson News, L.L.C. v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012)..................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................6

*Barr v. United Parcel Service, Inc.*,
   868 F.2d 36 (2d Cir. 1989)..................................................................................8

*Baskin v. Hawley*,
   807 F.2d 1120 (2d Cir. 1986)...............................................................................18

*Bejjani v. Manhattan Sheraton Corp., et. al*,
   No. 12-cv-6618, 2013 WL 3237845 (S.D.N.Y. Jun. 27, 2013) (Oetken, J.) ..........................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................6

*Borici v. ABM Industry Groups, LLC, et al.*,
   21-cv-1826, 2021 WL 5827640 (S.D.N.Y. Dec. 7, 2021) (Cronan, J.)..................................15

*Brass v. Am. Film Techs., Inc.*
   987 F. 2d 142 (2d Cir. 1993)................................................................................2

*Buczakowski v. 1199SEIU*,
   No. 18-cv-0812, 2019 WL 5697899 (N.D.N.Y. Nov. 4, 2019) (Kahn, J.) ...............................10

*Buttry v. General Signal Corp.*,
   68 F.3d 1488 (2d Cir. 1995).................................................................................10

*Canady v. U of R/Strong Mem'l Med. Ctr.*,
   21-2150, 2022 WL 17825332, at *2 (2d Cir. Dec. 21, 2022).............................................14

*Cano v. SEIU Local 32BJ, et al.*,
   No. 19-cv-8810, 2021 WL 4480274 (S.D.N.Y. Sept. 30, 2021)
   (Engelmayer, J.) .........................................................................................10

*Cantrell v. Int'l. Bhd. of Elec. Workers, Local 2021*,
   32 F.3d 465 (10th Cir. 1994) ..............................................................................18

*Carrion v. Local 32B-32J SEIU*,
   No. 03-1896, 2005 WL 659321 (S.D.N.Y. Mar. 21, 2005) (Katz, M.J.)...............................17

*Cohen v. Flushing Hosp. and Medical Ctr., et al.*,
    68 F.3d 64 (2d. Cir. 1995).............................................................................10, 12

*Coleman v. City of New York*,
    No. 99-cv-1159, 1999 WL 1215570 (E.D.N.Y. Dec. 7, 1999) (Gleeson, J.) ..........15

*DeGennaro v. New York City Hous. Auth.,et al.*,
    No. 92-cv-5985, 1995 WL 37850 (S.D.N.Y. Jan. 31, 1995) (Mukasey, J.) ............17

*DelCostello v. Int'l Brhd. of Teamsters*,
    462 U.S. 151 (1983).......................................................................................7, 9

*Dillard v. SEIU Local 32BJ*,
    15-cv-4132, 2015 WL 6913944 (S.D.N.Y. Nov. 6, 2015) (McMahon, J.)...............14

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d. Cir. 1989)...............................................................................12

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)...................................................................................7

*Harris v. Transport Workers Union L-100, et al.*,
    et al., No. 07-cv-1031; 2007 WL 9723338 (E.D.N.Y. Oct. 17, 2007)
    (Dearie, J.)........................................................................................................15

*Howell v. 1199 Union, et al.*,
    No. 14-cv-0174, 2015 WL 273655 (S.D.N.Y. Jan. 16, 2015) (Torres, J.) .............12

*Kavowras v. New York Times Co., et al.*,
    328 F.3d 50 (2d Cir. 2003)............................................................................10, 11

*Langenback v. 32BJ SEIU*,
    24-cv-3574, 2025 WL 2240321 (E.D.N.Y. Aug. 6, 2025) (Merchant, J.)...............14

*Marquez v. Screen Actors Guild, Inc.*,
    525 U.S. 33 (1998)...............................................................................................8

*McPherson v. Plaza Athenee, NYC, et al.*,
    No. 12-cv-0785, 2012 WL 3865154 (S.D.N.Y. Sept. 4, 2012) (Nathan, J.)...........10

*Morren v. New York University, et al.*,
    No, 20-cv-10802, 2022 WL 1665013 (S.D.N.Y. May 25, 2022) (Oetken, J.) .........10

*Musto v. Transport Workers Union of Am., Local 501*,
    339 F.Supp.2d 456 (EDNY 2004) ........................................................................16

iii

*Nicholls v. Brookdale Univ. Hosp., et al.,*
No. 05-cv-2666, 2005 WL 1661093 (E.D.N.Y. July 14, 2005)
(Weinstein, S.J.) ........................................................................................................9

*Rios v. Max Mara USA Inc., et al.,*
No. 23-cv-9839, 2025 WL 66502 (S.D.N.Y. Jan. 10, 2025) (Preska, S.J.) ............................11

*Spellacy v. Airline Pilots Ass'n, Int'l,*
156 F.3d 120 (2d Cir.1998)........................................................................................8, 9, 16

*Tomney v. Int'l Center for the Disabled, et al,*
357 F. Supp. 2d 721, 737 (SDNY 2005)........................................................................16, 17

*United Steelworkers of Am. v. Rawson,*
495 U.S. 362 (1990)..................................................................................................8, 18

*Vaca v. Sipes,*
386 U.S. 171 (1967)...............................................................................................7, 8, 17

*Vaughn v. Airline Pilots Ass'n, Int'l,*
604 F.3d 703 (2d Cir. 2010)........................................................................... *passim*

*White v. White Rose Food,*
237 F.3d 174 (2d Cir. 2001)......................................................................................7, 8, 9, 13

*Zepperi-Lomanto v. American Postal Workers Union, AFL-CIO,*
751 F.3d 482 (7th Cir. 2014) ....................................................................................18

**Statutes**

Labor Management Relations Act ............................................................................3, 7

National Labor Relations Act ..................................................................................3, 7

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6)............................................................. *passim*

Defendant Service Employees International Union, Local 32BJ[1] ("Local 32BJ" or "Union"), by and through its counsel, submits this memorandum of law in support of Defendant's motion to dismiss this action filed by pro se Plaintiff Arif Ahmed ("Plaintiff" or "Ahmed") pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. As set forth below, this action is subject to dismissal on two grounds: (1) it is time-barred by the applicable six-month statute of limitations; and (2) Plaintiff fails to sufficiently allege facts in support of the cause of action.

## I. INTRODUCTION AND PROCEDURAL POSTURE OF CASE

Plaintiff is a former wheelchair attendant who worked at JFK Airport in Queens, New York, for Airway Cleaners LLC ("Airway"), an airline service contractor. Local 32BJ and Airway were at all relevant times parties to a collective bargaining agreement ("CBA") covering Plaintiff's employment. After Airway discharged Plaintiff in May 2023 following an incident of alleged misconduct, Local 32BJ filed a grievance on Plaintiff's behalf challenging his discharge. The Union investigated and ultimately closed the grievance based on its determination that the claim lacked sufficient merit to proceed under the CBA's grievance procedure. Plaintiff disagreed with the Union's decision and now brings this action alleging a single count that the Union breached its duty of fair representation ("DFR") owed to Plaintiff under federal labor law and seeks monetary damages for lost earnings and emotional distress.

Plaintiff initiated this action by filing a Summons and Endorsed Complaint on December 19, 2024, in the Civil Court of the City of New York, and served the Complaint on the Union on May 22, 2025. On June 13, 2025, Defendant removed the case on federal question grounds

---

[1]  Plaintiff identified Defendant in the initial complaint as "32BJ SEIU Labor Union." The correct and official name of Defendant is Service Employees International Union, Local 32BJ.

pursuant to 28 U.S.C. § 1331 to the United States District Court for the Eastern District. [ECF Doc. 1]. Following Defendant's request for a Rule 12(e) pre-motion conference seeking a more definite statement [ECF Doc. 8], this Court, by order dated July 25, 2025, directed Plaintiff to file an amended complaint containing certain minimal allegations no later than August 25, 2025. Plaintiff filed an Amended Complaint on August 18, 2025 [ECF Doc. 14]. By letter motion dated August 27, 2025 [ECF Doc. 15], Defendant requested a pre-motion conference to seek the Court's permission to file a Rule 12(b)(6) motion to dismiss this action. By Order dated September 15, 2025, this Court set a briefing schedule for Defendant's motion with Defendant's opening brief to be filed no later than October 15, 2025.

## II. SUMMARY OF REVIEWABLE[2] MATERIAL FACTS.

Plaintiff is an individual who worked for approximately one year providing wheelchair assistance to airline passengers at JFK Airport in Queens, New York, until his discharge on or about May 16, 2023. At the time of his discharge, Plaintiff was employed by an airline service contractor called Airway Cleaners, LLC ("Airway") and Plaintiff's terms and conditions of Plaintiff's employment were established under a CBA[3] in effect between Airway and Local 32BJ. [Rowen Decl. ¶3; Ex. A]. The CBA included conditions for the discharge of bargaining unit employees and a grievance procedure for the adjustment of disputes brought on behalf of bargaining unit employees and provided for the optional final step of binding arbitration before a

---

[2] Additional facts outside the Amended Complaint supplied through Defendant's submissions in support of their motion to dismiss may be properly considered for this motion. "When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.* 987 F. 2d 142, 150 (2d Cir. 1993).

[3] True and correct copies of all documents referenced in the Amended Complaint, or integral to Plaintiff's claims, are provided as exhibits with the Attorney Declaration of Lyle D. Rowen, counsel for Defendant, filed in support of Defendant's motion and cited as "[Rowen Decl. ¶__; Ex. ___]."

jointly-selected neutral contract arbitrator. [Id. at pp. 4-7]. Defendant represented Plaintiff for purposes of collective bargaining with Airway as his employer. [Amended Complaint at p. 1; Rowen Decl. ¶3].

Defendant Local 32BJ is a labor organization as defined under Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), that represents employees "in an industry affecting commerce" within the meaning of Section 301(a) of the NLRA, 29 U.S.C. § 185(a). [Rowen Decl. ¶2]. Local 32BJ is headquartered in Manhattan and has approximately 180,000 members in eleven states on the East Coast. [Id.]. Local 32BJ represents workers primarily employed in the property services industry who clean, maintain, and provide security for residential buildings, commercial office buildings, museums, theaters, universities and airports [Id.].

Airway discharged Plaintiff from his position on or about May 16, 2023. [Amended Complaint at p. 2; Rowen Decl. ¶4; Ex. B]. Plaintiff then contacted a Union representative named "Ms. Andrea" to report his discharge and seek assistance from the Union, but Andrea was on vacation at the time and Plaintiff received no assistance from any other Union representative. [Amended Complaint at p. 2]. Approximately three weeks later, Andrea contacted Plaintiff about participating in a meeting concerning his grievance, but no meeting occurred. [Id.]

On May 25, 2023, the Union issued a formal grievance letter against Airway challenging the company's decision to terminate Plaintiff's employment. [Rowen Decl. ¶4; Ex. B]. Plaintiff's subsequent communication with the Union representative resulted in inconsistent reports about whether the grievance remained open or closed and that meetings occurred which Plaintiff believed had not occurred. [Amended Complaint at p. 2]. The Union eventually determined that the grievance concerning Plaintiff's termination lacked sufficient merit to

proceed to arbitration under the CBA's grievance procedure and issued a letter to Plaintiff, dated February 23, 2024, explaining the Union's decision and his right to appeal that decision to the Union's internal Grievance Appeal Board. [Rowen Decl. ¶5; Ex. C]. The Union's decision to close the grievance was done without Plaintiff ever attending "a proper grievance meeting or arbitration." [Amended Complaint at p. 2].

Shortly after the Union issued its letter to Plaintiff about closing the grievance, on March 14, 2024, Plaintiff filed a charge of discrimination against Local 32BJ with the New York State Division of Human Rights ("NYSDHR Complaint") accusing Defendant of unlawful discrimination for, among other things, failure to conduct a grievance meeting after he signed up for one, failure to reschedule a grievance meeting that accommodated Plaintiff's personal schedule and eventually closing the grievance without arbitration. [Rowen Decl. ¶6; Ex. D at p. 4].

Though not alleged in the Amended Complaint, in opposition to the Union's letter motion for a Rule 12 pre-motion conference dated August 27, 2025 [ECF No. 15], Plaintiff filed papers which alleged that the Union's "final action occurred on September 5, 2024, at the Appil [sic] Board meeting" [ECF Doc. 17 at p. 2], referring to the hearing of his appeal of the Union's decision to close his discharge grievance that was held on September 5, 2024. [Rowen Decl. ¶¶5, 7; Ex. D & E]. The Union notified Plaintiff that his internal appeal to the Grievance Appeal Board was denied by letter dated October 2, 2024. [Rowen Decl. ¶8; Ex. F].

### III. PLAINTIFF'S AMENDED COMPLAINT.

As explained below, Defendant's motion to dismiss is predicated on Plaintiff's Amended Complaint being time-barred and its failure to sufficiently allege facts that support the cause of action against the Union—i.e., taking the allegations of the Amended Complaint as true, Plaintiff fails to allege facts that demonstrate the Union's conduct amounted to "arbitrary, discriminatory

or bad faith" treatment of Plaintiff to state a claim for breach of the Union's duty of fair representation.

When the Court instructed Plaintiff to file an amended complaint [see Order, dated July 25, 2025], the Court counseled Plaintiff on the need for sufficiently specific allegations: "Plaintiff shall include a brief description of what Plaintiff did or failed to do, the date of when the incident occurred, the nature of Plaintiff's injuries, and how defendant's acts or omissions caused plaintiff's injuries."

After alleging that he lost his job with Airway on or about May 16, 2023, for reasons that are not addressed, Plaintiff alleges the following conduct by the Union in support of his claim:

1. Plaintiff initially sought assistance from a Union representative named "Ms. Andrea" who was on vacation, resulting in no meaningful assistance for about three weeks. [Amended Complaint at p. 2, see ECF No. 14]

2. At Ms. Andrea's suggestion, Plaintiff signed up for a grievance meeting, but then heard nothing further about it from the Union. [Id.]

3. In subsequent communication with a Union representative, Plaintiff received inconsistent reports about whether his grievance had been closed or whether meetings had occurred. [Id.]

4. The Union eventually closed the grievance without Plaintiff having attended a "proper grievance meeting or arbitration meeting," despite previously being told he was "signed up for arbitration" without his knowledge. [Id.]

5. The Union advised Plaintiff of his right to appeal the decision to close his grievance for lack of merit, which he did pursue. [Rowen Decl. ¶5; Ex. D]. The internal appeal hearing was held on September 5, 2024 [Plaintiff's Opposition to Defendant's Letter Motion, see ECF No. 17 at p. 2; Rowen Decl. ¶7; Ex. E] and Plaintiff was notified of the denial of his appeal by letter dated October 2, 2024. [Rowen Decl. ¶8; Ex. F]

Based on the above alleged facts, Plaintiff accuses the Union of breaching its DFR by "failing to adequately investigate, communicate or pursue the grievance and arbitration process on Plaintiff's behalf." [Amended Complaint at p. 2]. Plaintiff alleges that the Union's conduct results in lost wages and emotional distress. [Id.]

As explained below, the Amended Complaint is both time-barred and the allegations fall far short of sufficiently alleging a cause of action against Defendant for breach of its DFR owed to Plaintiff and should be dismissed, with prejudice.

## IV.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule "does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court considers whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a complaint need not lay out every relevant detail, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 557 (alteration in original). In other words, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678).

## V. THE ELEMENTS AND LEGAL STANDARD FOR ALLEGING A BREACH OF THE DUTY OF FAIR REPRESENTATION.

Under federal labor law, a union-represented employee may bring an action against his or her employer and union alleging the dual claims that (1) the employer breached the terms of the applicable CBA covering her employment; and (2) the union breached its duty of fair representation owed to the employee. *Vaughn v. Airline Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). This second element of the union's breach of its DFR is further comprised of two parts: First, plaintiff must allege facts demonstrating that the union failed to redress the employer's violation of the CBA for reasons that are "arbitrary, discriminatory or in bad faith." *DelCostello v. Int'l Brhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); and second, that there was a causal connection between the union's wrongful conduct and plaintiff's injuries. *Vaughn*, 604 F.3d at 709; *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001). "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *White*, 237 F.3d at 179.

This federal cause of action arises out of both Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which governs the employer's obligation to honor the CBA, and the judicially-created doctrine of the union's duty of fair representation, derived from Section 9(a) of the NLRA, 29 U.S.C. § 159(a), which authorizes a union to act as the exclusive representative of an entire group of employees in the collective bargaining process (commonly referred to as a "hybrid 301/DFR claim"). *DelCostello*, 462 U.S. at 164; *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). Under this statutory scheme, a union owes each employee it represents a "duty of fair representation," described by the courts as the duty to act "without hostility or discrimination . . . [in] complete good faith and honesty . . . [and] to avoid arbitrary conduct." *Vaca*, 386 U.S. at 177. Judicial review of a union's decisions and conduct in the DFR context

must be "highly deferential, recognizing the wide latitude that unions need for the effective performance of their bargaining responsibilities." *Spellacy v. Airline Pilots Ass'n, Int'l*, 156 F.3d 120, 126 (2d Cir.1998). Alleging facts that meet the threshold of "arbitrary, discriminatory or bad faith" has been defined through case precedent that amounts to a high bar requiring more than a plaintiff's mere disagreement or disappointment with the Union's decision.

The U.S. Supreme Court has defined "arbitrary" conduct by a union in the DFR context as treatment of a member's grievance that "can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational . . . [i.e.,] when it is without a rational basis or explanation." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45 (1998). "This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." *White*, 237 F.3d at 179. Moreover, "mere negligence" by the Union in its enforcement of a collective bargaining agreement does "not state a claim for breach of the duty of fair representation." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73 (1990); see also, *Barr v. United Parcel Service, Inc.*, 868 F.2d 36, 43-44 (2d Cir. 1989) ("[E]ven negligence on the union's part does not give rise to a breach.").

"A union's acts are discriminatory when 'substantial evidence' indicates that it engaged in discrimination that was 'intentional, severe, and unrelated to legitimate union objectives.'" *Vaughn*, 604 F.3d. at 709 (citing *Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). "To be discriminatory, a union's actions must be 'invidious' or 'unlawful.'" *Nicholls v. Brookdale Univ. Hosp., et al.,* No. 05-cv-2666, 2005 WL 1661093 (E.D.N.Y. July 14, 2005) (Weinstein, S.J.)

Finally, "[a] showing of bad faith requires a showing of fraudulent, deceitful, or dishonest action" by the Union. *White*, 237 F.3d at 179. "Bad faith, which encompasses fraud, dishonesty

and other intentionally misleading conduct, requires proof that the union acted with an improper intent, purpose, or motive." Vaughn, 604 F.3d at 710.

Furthermore, "establishing that the union's actions were sufficiently 'arbitrary, discriminatory, or in bad faith' is only the first step toward proving a fair representation claim. A plaintiff must then demonstrate a causal connection between the union's wrongful conduct and his injuries. Spellacy, 156 F.3d at 126.

## VI. ARGUMENT

Plaintiff's cause of action is time-barred by the statute of limitations based on his NYSDHR Complaint filed against the Union on March 14, 2024, alleging that same conduct that animates the Amended Complaint. In addition, the allegations of the Amended Complaint do not come close to stating an actionable claim for a hybrid 301/DFR cause of action. The Amended Complaint alleges only that Plaintiff did not attend any meetings about his termination grievance and was not provided timely and/or accurate information concerning the status of his grievance. Ultimately, the Union closed the grievance against Plaintiff's wishes and without reaching a satisfactory result.

A. The Amended Complaint is Time-Barred by the Applicable Six-Month Statute of Limitations.

An employee's hybrid 301/DFR claim alleging the dual claims that the employer breached the collective bargaining agreement and the union breached its duty of fair representation is subject to a six-month statute of limitations. DelCostello, 462 U.S. at 154-55. The statute of limitations for a hybrid 301/DFR claim is six months and begins to run when the employee knew, or reasonably should have known, of the Union's alleged breach of the DFR. Kavowras v. New York Times Co., et al., 328 F.3d 50, 54-55 (2d Cir. 2003). Moreover, once a plaintiff learns of the union's alleged breach, "the union's subsequent failure to actually

represent the plaintiff cannot be treated as a continuing violation that precludes the running of the limitations period." *Buttry v. General Signal Corp*., 68 F.3d 1488, 1492 (2d Cir. 1995).

Courts have long recognized that a valid proxy for determining when a DFR plaintiff knew, or reasonable should have known, of the Union's alleged breach is the plaintiff's outreach to a third-party complaining of the same unsatisfactory union representation alleged in the judicial complaint. One common example is for courts to determine that the statute of limitations period was triggered when a plaintiff filed an unfair labor practice charge against his union with the National Labor Relations Board. *Kavowras*, 328 F.3d at 55; *Morren v. New York University, et al.*, No, 20-cv-10802, 2022 WL 1665013 at *1 (S.D.N.Y. May 25, 2022) (Oetken, J.) (NLRB charge against union commenced DFR limitations period); *Cano v. SEIU Local 32BJ, et al.*, No. 19-cv-8810, 2021 WL 4480274 (S.D.N.Y. Sept. 30, 2021) (Engelmayer, J.) (same). Other analogous conduct courts have cited for a DFR plaintiff's knowledge of a union's alleged DFR breach include a plaintiff filing of a charge of discrimination against her union with the Equal Employment Opportunity Commission (*Buczakowski v. 1199SEIU*, No. 18-cv-0812, 2019 WL 5697899 *5 (N.D.N.Y. Nov. 4, 2019) (Kahn, J.)), sending a letter to the Anti-Defamation League complaining about his union (*Cohen v. Flushing Hosp. and Medical Ctr., et al.*, 68 F.3d 64, 68 (2d. Cir. 1995), or sending a letter of complaint about her union to the New York Office of the Attorney General (*McPherson v. Plaza Athenee, NYC, et al*., No. 12-cv-0785, 2012 WL 3865154 *5 (S.D.N.Y. Sept. 4, 2012) (Nathan, J.)).

Similarly, Plaintiff's filing of his NYSDHR Complaint which cited the same complaints alleged in the Amended Complaint should be the basis for commencing the statute of limitations and thus warranting dismissal of this action as untimely. Though not alleged in the Amended Complaint, Plaintiff's NYSDHR Complaint filed on March 14, 2024, alleged that Local 32BJ

violated his rights by failing to schedule a grievance meeting that he was able to attend and eventually closing his grievance without proceeding to arbitration.  [Rowen Decl. ¶6; Ex. D at p. 4].  As a public filing with the State of New York, even when not attached to, or incorporated into, the Amended Complaint, it is proper for this Court to take judicial notice of Plaintiff's charge for purposes of a Rule 12(b)(6) motion.  *Rios v. Max Mara USA Inc., et al.*, No. 23-cv-9839, 2025 WL 66502 (S.D.N.Y. Jan. 10, 2025) (Preska, S.J.) (the court takes judicial notice of plaintiff's NYSDHR complaint "because it is a record of 'state administrative procedure.'").

Relying on the filing date of his NYSDHR charge on March 14, 2024, Plaintiff's DFR action before this Court would have to have been filed not later than September 14, 2024. Plaintiff's initial Complaint was filed in the City court on December 19, 2024, over three months later, this making this action time-barred and subject to dismissal under Defendant's Rule 12(b)(6) motion to dismiss.  *Kavowras*, 328 F.3d at 54-55.

Plaintiff may not avoid the preclusive effect of the limitations period in this matter by referring to his subsequent internal appeal of the Union's decision to close his grievance for lack of merit, an appeal that was not conclusively denied until September 5, 2024, within the six-month limitations period.  Plaintiff raised this argument in his papers filed September 5, 2025, in opposition to Defendant's letter motion for a Rule 12 pre-motion conference.  [ECF Doc. 17]. Courts of this circuit have consistently held that once a DFR plaintiff learns of the union's conduct giving rise to his claim—as established here with the filing of his NYSDHR charge—the mere possibility of additional non-judicial relief does not toll the applicable six-month limitations period.  *Howell v. 1199 Union, et al.*, No. 14-cv-0174, 2015 WL 273655 *4 (S.D.N.Y. Jan. 16, 2015) (Torres, J.), citing *Santos v. Dist. Council of New York City & Vicinity of United Brhd. Of Carpenters and Joiners of Am., AFL-CIO*, 619 F.2d 963, 969 (2d Cir. 1980).

In *Howell*, the Court held that the statute of limitations period started for plaintiff's DFR claim with the filing of an NLRB charge against his union for refusing to proceed to arbitration—and was therefore time-barred—despite a subsequent denial of an internal union appeal that fell within the limitations period. Id.; see also, *Ghartey v. St. John's Queens Hosp*., 869 F.2d 160, 164 (2d. Cir. 1989) (ruling as "nonsensical" that limitations period for a DFR plaintiff would wait to commence past plaintiff's knowledge of the union's breach until after a future adverse result occurs from an additional non-judicial appeal); *Cohen*, supra, 68 F.3d at 68 (DFR plaintiff's "hopes of future representation by the Union" did not extend limitations period that commenced from first knowledge of the union's failure to assist plaintiff as alleged in plaintiff's previous letter to the Anti-Defamation League).

The allegations of the Amended Complaint—failure to schedule a grievance meeting that Plaintiff could attend, inconsistent status reports and closing the grievance without arbitration—track the same complaints of the Union's unsatisfactory representation alleged in Plaintiff's NYSDHR Complaint, which therefore commenced the limitations period. Because the NYSDHR charge was filed on March 14, 2024, and this action was filed in City civil court on December 19, 2024, this Amended Complaint is time-barred by the six-month statute of limitations and must be dismissed.

B. The Amended Complaint Fails to Allege the Elements of a Hybrid 301/DFR Cause of Action.

Even if Plaintiff's allegations of the Amended Complaint are not time-barred, the factual assertions against the Union fail to sufficiently plead the requisite elements and severity of his cause of action.

### 1. *The Amended Complaint Fails to Allege the Employer Breached the CBA.*

As an initial matter, Plaintiff fails to allege any facts surrounding his discharge or his employer's stated reasons for it, even assuming those reasons would be entirely disputed. Plaintiff alleges only that he was discharged. This is a critical deficiency of the Amended Complaint because an essential element of a hybrid 301/DFR claim is that Plaintiff must allege and prove that his employer breached the terms of the applicable collective bargaining agreement. To state a proper hybrid 301/DFR claim, a union-represented employee may bring an action against his or her employer and/or union alleging the dual claims that (1) the employer breached the terms of the applicable CBA covering his or her employment; and (2) the union breached its DFR owed to the employee. *Vaughn*, 604 F.3d at 709. Here, Plaintiff does not even allege that his employment was subject to a CBA, never mind that Airway as his employer breached the terms of that agreement by terminating his employment. "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *White*, 237 F.3d at 179.

The applicable CBA contains an article outlining the conditions for employee discharge, to which the Amended Complaint makes no reference. [Rowen Decl. ¶3; Ex. A at pp. 4-5]. In addition, the Amended Complaint is silent concerning the purported reasons for his discharge that would provide a basis for demonstrating a breach of the CBA terms. This deficiency of the pleadings alone is grounds for dismissal.

### 2. *The Amended Complaint Fails to Adequately Allege the Union's Breached its Duty of Fair Representation Owed to Plaintiff.*

Even if the Court is willing to overlook the Amended Complaint's deficient essential element of the employer's breach of the CBA, the allegations further fail to allege actionable conduct by the Union that rises to the level of arbitrary, discriminatory or bad faith treatment of

Plaintiff. As set forth above, the Amended Complaint alleges only that Plaintiff had to wait several weeks for his union representative to return from vacation before he could speak with her about his grievance, that at some point a union representative provided conflicting information about the status of his grievance and that ultimately it was closed without his consent and without final arbitration. [Amended Complaint at p. 2]. None of these claims allege the requisite conduct to state a DFR claim.

To survive a motion to dismiss, even a pro se Plaintiff must plead "concrete specific facts from which one can infer a union's discrimination, bad faith or arbitrary exercise of discretion." *Dillard v. SEIU Local 32BJ*, 15-cv-4132, 2015 WL 6913944 at **4-6 (S.D.N.Y. Nov. 6, 2015) (McMahon, J.) (granting union's Rule 12(b)(6) motion of pro se DFR claim based on insufficient allegations that union's investigation of grievance was lackluster and union closed grievance without arbitration).

It is well-settled under DFR precedent that a union member's mere dissatisfaction with the union's conduct during the grievance procedure, including unreturned calls and lack of vigorous defense to an employer's accusations against the member, is not sufficient to state a DFR claim. *Langenback v. 32BJ SEIU*, 24-cv-3574, 2025 WL 2240321 at *5 (E.D.N.Y. Aug. 6, 2025) (Merchant, J.) (granting union's Rule 12(b)(6) motion of pro se DFR claim due to insufficient allegations of arbitrary, discriminatory or bad faith conduct), citing *Canady v. U of R/Strong Mem'l Med. Ctr.*, 21-2150, 2022 WL 17825332, at *2 (2d Cir. Dec. 21, 2022) (generalized allegations that the union failed to investigate and respond to plaintiff's concerns do not plausibly allege that the Union acted in a way that was 'arbitrary, discriminatory, or in bad faith' to state a DFR claim). Rescheduled meetings and unreturned telephone calls are insufficient grounds to allege a breach of the union's DFR and to survive a motion to dismiss.

*Harris v. Transport Workers Union L-100, et al.*, et al., No. 07-cv-1031; 2007 WL 9723338 (E.D.N.Y. Oct. 17, 2007) (Dearie, J.) (union's unfulfilled promises to get back in touch with plaintiff about his grievance "does not even approach a showing that the union's actions were arbitrary, discriminatory, or taken in bad faith."); see also, *Borici v. ABM Industry Groups, LLC, et al.*, 21-cv-1826, 2021 WL 5827640 at *4 (S.D.N.Y. Dec. 7, 2021) (Cronan, J.) (plaintiff's claims against union of grievance meetings frequently postponed and rescheduled, and no arbitration ever conducted, do not allege facts "even remotely" sufficient for breach of DFR); *Coleman v. City of New York*, No. 99-cv-1159, 1999 WL 1215570 (E.D.N.Y. Dec. 7, 1999) (Gleeson, J.) (allegations of failure of union representative of return plaintiff's phone call and provide rigorous representation during grievance procedure amount to nothing more than negligence and are insufficient to state a DFR claim). Plaintiff in this case falls equally short with the mild allegations contained in the Amended Complaint.

Plaintiff seems particularly vexed by a vague, undated accusation of an unnamed Union representative providing him with an inaccurate report about the status of his grievance, which could only be examined in the category of bad faith treatment. "Bad faith, which encompasses fraud, dishonesty and other intentionally misleading conduct, requires proof that the union acted with an improper intent, purpose, or motive." *Vaughn*, 604 F.3d at 710. However, a claim over a minor matter such as the status of a grievance would amount to nothing more than negligence. In *Bejjani v. Manhattan Sheraton Corp., et. al*, No. 12-cv-6618, 2013 WL 3237845 (S.D.N.Y. Jun. 27, 2013) (Oetken, J.), Judge Oetken granted the union's Rule 12(b)(6) motion to dismiss a DFR action on an alleged misstatement, ruling that a single misleading statement by a union representative to members did not meet the "high threshold" for the bad faith prerequisite for a DFR claim. In contrast, bad faith for purposes of a DFR is found when "unions entered into

secret side-agreements with the employer that vitiated clear contractual rights of the employees"
with an improper motive or intent. *Spellacy*, 156 F.3d at 129, citing *Lewis v. Tuscan Dairy Farms, Inc., et al.*, 25 F.3d 1138 (2d Cir. 1994) (union president engaged in bad faith breach of DFR when he secretly entered into verbal modification of CBA with employer that protected one group of employees while stripping CBA protections of another group as strategy to improve his political positon for an upcoming re-election); see also, *Musto v. Transport Workers Union of Am., Local 501*, 339 F.Supp.2d 456 (EDNY 2004).

The most consequential allegation of the Amended Complaint is the Union's decision to close the grievance without Plaintiff's consent. But the law of DFR is clear that such decision by the Union is well within its broad and lawful discretion. In *Tomney v. Int'l Center for the Disabled, et al*, Judge Chin of this District, prior to his elevation to the Second Circuit, concisely stated the guiding principles which defeat DFR claims that simply appeal to the courts to second-guess a union's discretion:

> A union has "broad discretion in its decision whether and how to pursue an employee's grievance against an employer." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567-68, 108 L. Ed. 2d 519, 110 S. Ct.1339 (1990) (citing *Vaca*, 386 U.S. at 185). This "discretion is essential to the proper functioning of the collective bargaining system. Union supervision of employee complaints promotes settlements, avoids processing of frivolous claims, and strengthens the employer's confidence in the union. Without these screening and settlement procedures, . . . the costs of private dispute resolution could ultimately render the system impracticable." *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 51, 60 L. Ed. 2d 698, 99 S. Ct. 2121 (1979) (internal citation omitted). The federal laws governing the union employer relationship simply do not give [Plaintiff] an absolute right to have her grievance taken to arbitration, regardless of its merit under the applicable CBA. See *Vaca*, 386 U.S. at 191; *Gold v. Local Union No. 888, U.F.C.W.*, 758 F. Supp. 205, 207 (S.D.N.Y. 1991).

357 F. Supp. 2d 721, 737 (SDNY 2005).

No union-represented employee has the absolute right to have his or her grievance presented for arbitration, even where the member can establish that the grievance was meritorious: "If the individual employee could compel arbitration of his grievance regardless of its merit, the settlement machinery provided by the contract would be substantially undermined . . ." *Vaca*, 386 U.S. at 191, 194-95. The "duty of fair representation is not a straightjacket which forces unions to pursue grievance remedies . . . in every case where an employee has a complaint against the company." *Carrion v. Local 32B-32J SEIU*, No. 03-1896, 2005 WL 659321 (S.D.N.Y. Mar. 21, 2005) (Katz, M.J.) at *6 (S.D.N.Y. 2005). "If a member could unilaterally compel the union to go to arbitration, employer confidence in the settlement system would diminish as the number of meritless claims rose." *DeGennaro v. New York City Hous. Auth.*, *et al.*, No. 92-cv-5985, 1995 WL 37850 (S.D.N.Y. Jan. 31, 1995) (Mukasey, J.).

It is against this broad and overwhelming legal precedent that Plaintiff brings his Amended Complaint alleging only that the Union is liable for a breach of the DFR for simply not scheduling grievance meetings to his liking, a representative providing an inconsistent update on the status of his grievance, and for declining to arbitrate his grievance based on the Union's discretion that it lacked sufficient merit to proceed. Even taken as true, these allegations fail to demonstrate conduct that reaches the prohibition against "arbitrary, discriminatory or bad faith" treatment of Plaintiff.

C. Plaintiff Has Failed to State a Claim for Emotional Distress Damages.

As a final matter, Plaintiff alleges that the Union's conduct caused him financial harm and emotional distress. Even if Plaintiff had otherwise stated a valid claim for breach of the duty of fair representation that was not time-barred, he has failed to allege sufficiently outrageous conduct to support emotional distress damages.

The Supreme Court has explained that "[p]re-emption by federal law cannot be avoided by characterizing the Union's negligent performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective-bargaining contract as a state-law tort." *Rawson*, 495 U.S. at 371-72. Plaintiff here is alleging that Local 32BJ's failure to properly represent him caused him emotional distress. This claim is only cognizable as one for the breach of the duty of fair representation, and any state law tort claim premised on this alleged failure is preempted. While emotional distress damages are theoretically available for breach of the duty of fair representation, the Second Circuit has held that such damages are only available where the union's conduct has been "truly outrageous." *Baskin v. Hawley*, 807 F.2d 1120, 1132 (2d Cir. 1986). Plaintiff's allegations do not come close to alleging conduct that was "truly outrageous." *See Zepperi-Lomanto v. American Postal Workers Union, AFL-CIO*, 751 F.3d 482, 485 (7th Cir. 2014) (allegation that union filed a retaliatory grievance and submitted false statements not truly outrageous); *Cantrell v. Int'l. Bhd. of Elec. Workers, Local 2021*, 32 F.3d 465, 469 (10th Cir. 1994) (allegations of coerced settlements and failure to process grievances are insufficient to support emotional distress claim).

Therefore, in the event the Amended Complaint may proceed, Plaintiff's claim for damages from emotional distress must be stricken from the cause of action.

## VII.  CONCLUSION

For the reasons set forth above, Defendant Local 32BJ respectfully requests that this

Court issue an order granting this motion under the Federal Rules of Civil Procedure, Rule

12(b)(6) dismissing Plaintiff's Complaint against Defendant in its entirety and with prejudice.

Dated: October 15, 2025              Respectfully submitted:
       New York, NY

Service Employees International Union, Local 32BJ

By: _____
       Lyle D. Rowen, Esq. (LR 6220)

To:    Arif Ahmed
       101-12 94th Street
       Ozone Park, NY  11416
       Plaintiff, *pro se*

## <u>ATTORNEY WORD COUNT CERTIFICATION</u>

Pursuant to Local Civil Rule 7.1(c) for the Eastern District of New York, the undersigned attorney of record for Defendant Service Employees International Union, Local 32BJ hereby certified that the word count for the attached Memorandum of Law based on a word count conducted by a word-processor program is <u>6511</u>, and less than the maximum word count of 8,750 allowed under the Local Civil Rule.

_Lyle D. Rowen_
Lyle D. Rowen, Esq. (LR6220)